UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ALTERSEEKERS, INC. d/b/a
TREPOINT,

      Plaintiff,

  -against-

BRANDFORCE SF, LLC, BRANDFORCE
HEALTH, INC. and DAVID FLAHERTY,

      Defendants.
----------------------------------------------------X
BRANDFORCE SF, LLC, BRANDFORCE
HEALTH, INC. and DAVID FLAHERTY,

      Counterclaimants,


  -against-


ALTERSEEKERS, INC. d/b/a
TREPOINT and WILLIAM CARMODY,

      Counterclaim Defendants.
----------------------------------------------------X

**MEMORANDUM AND ORDER**
CV 12-5392 (GRB)

**GARY R. BROWN, United States Magistrate Judge:**

      Remarkably, the Court is called upon, once again, to examine this dispute among Plaintiff Alterseekers, Inc. d/b/a Trepoint ("plaintiff" or "Trepoint"), defendant BrandForce SF, LLC ("BrandForce"), BrandForce Health, Inc. ("BrandForce Health"), David Flaherty ("Flaherty") (collectively "defendants") and counterclaim defendant William Carmody. This opinion represents the fourth time that the Court has issued an opinion exploring this matter in some detail. Prior analyses of this case can be found in Judge Feuerstein's September 16, 2013 decision regarding defendants' motion to dismiss for lack of jurisdiction, and the undersigned's

1

decisions regarding defendants' motions to dismiss and for summary judgment dated September 29, 2015 and August 23, 2016, respectively. DE 34, 77, 85. All of these determinations, including the factual determinations, standards of review and legal analyses contained therein, are incorporated by reference and familiarity is assumed.

*Present Motion for Summary Judgment*

While the barrage of motion practice in this case does not represent a model of litigative efficiency, in fairness, the instant motion for summary judgment was, in some respects, presaged by this Court's summary judgment decision, which expressed considerable doubt as to the viability of certain claims given the determination that no enforceable oral agreement existed. *See* DE 85 at 22, n.12 (noting that "some of plaintiff's other claims may be of questionable viability," specifically *quantum meruit* and unjust enrichment). At the same time, some, if not all, of these issues could well have been resolved by the parties without resort to motion practice. In fact, at the conclusion of the summary judgment motion, the Court directed counsel to "meet and confer in an effort to further narrow the issues for trial." That directive did not prove fruitful.

Perhaps the most obvious issue that counsel should well have resolved without the need for Court intervention relates to the alleged non-payment relating to the Statement of Work ("SOW"). The parties agree that any outstanding balance has now been paid in full. Nevertheless, counsel disputes the grounds upon which the Court should dismiss plaintiff's Second Cause of Action. *Compare* DE 89-13 at 11 (seeking summary judgment on the merits), *with* DE 89-17 at 3 (arguing for dismissal for mootness). The positions taken serve to demonstrate counsel's contentiousness, yet the result is the same: the Second Cause of Action is DISMISSED.

As to the balance of the claims and arguments made on this motion, the Court rules as follows:

- As suggested in the summary judgment decision, plaintiff's claims for unjust enrichment and *quantum meruit* are barred by the statute of frauds, and are therefore DISMISSED. *Snyder v. Bronfman,* 13 N.Y.3d 504, 510 (2009).

- Plaintiff's tortious interference claim was predicated entirely upon the notion that "BrandForce Health induced BrandForce, through its agents, including Flaherty, to transfer and/or place the mPers Project to BrandForce Health in an effort to shield it from the BrandForce-Trepoint partnership/JV agreement and avoid payment of any profits to plaintiff under the agreement." DE 77 at 17. Given the determination that no such agreement exists, the tortious interference cause of action is DISMISSED.

- By extension, on the undisputed facts, plaintiff's breach of fiduciary duty claim cannot be sustained as plaintiff has failed to demonstrate the existence of a fiduciary relationship. Thus, defendants' motion seeking summary judgment as to that claim is GRANTED.

- Defendant seeks summary judgment concerning plaintiff's claim for constructive fraud, as to which Judge Feuerstein observed:

    > The elements of a cause of action to recover for constructive fraud are the same as those to recover for actual fraud with the crucial exception that the element of scienter upon the part of the defendant, his [or her] knowledge of the falsity of his representation, is dropped ... and is replaced by a requirement that the plaintiff prove the existence of a fiduciary or confidential relationship warranting the trusting party to repose his [or her] confidence in the defendant and therefore to relax the care and vigilance he [or she] would ordinarily exercise in the circumstances. *Levin v. Kitsis*, 920 N.Y.S.2d 131, 135 (App. Div. 2011) (alterations in original) (quoting *Brown v. Lockwood*, 431 N.Y.S.2d 186, 193-94 (App. Div. 1980) (citations omitted)).

    DE 34 at 6. Defendants' sole argument appears to be that the fraud claim is predicated upon the "repudiat[ion] of a contract that never existed." DE 89-13 at 13. However, this argument misses the point. In fact, one of the few cases cited by defendants in support of their motion states that "a plaintiff may recover based on a promise made with no intent to perform, if it is distinct from the breach of contract action." *Zeising v. Kelly*, 152 F. Supp. 2d 335, 346 (S.D.N.Y.,2001) (citing *Channel Master Corp. v. Aluminium Ltd. Sales*, 4 N.Y.2d 403 (1958) ("one who fraudulently misrepresents himself as intending to perform an agreement is subject to liability in tort whether the agreement is enforceable or not. . . ."). The allegations of the Second Amended Complaint are sufficient to support

3

this theory and, given the long, complicated relationship between the parties, the Court finds that there are disputed facts as to this claim. The same is largely true with respect to plaintiff's promissory estoppel claim, as to which there appears to be disputed issues of fact. Therefore, the motion seeking summary judgment as to the constructive fraud and promissory estoppel claims is DENIED.

- Defendants also seek summary judgment regarding plaintiff's claim that BrandForce Health is liable under a piercing a corporate veil theory. First, under New York law, piercing the corporate veil does not constitute an independent cause of action. *Decter v. Second Nature Therapeutic Program, LLC,* 42 F. Supp. 3d 450, 463 (E.D.N.Y. 2014) ("A separate cause of action to pierce the corporate veil does not exist independent from the claims asserted against the corporation."). Even assuming, though, that such a cause of action existed, the absence of an actionable partnership agreement here appears to preclude any liability on the part of BrandForce Health. Thus, defendants' summary judgment motion is GRANTED as to the purported cause of action for piercing the corporate veil.

- Finally, defendants seek summary judgment as to all claims seeking individual liability on the part of Flaherty, asserting that plaintiff has proffered no evidence suggesting that Flaherty acted outside the scope of his corporate capacity. In response, plaintiff produces none, suggesting only that the motion is "premature" in that discovery has not yet been completed with respect to its piercing claim. In making this argument, plaintiff fails to comply with the procedural requisites of Fed. R. Civ. P. 56(d). Moreover, it is difficult how plaintiff can contend that it requires additional discovery given that the undersigned directed the parties to prepare for trial more than a year ago. *See* DE 85 at 22. Therefore, as plaintiff has entirely failed to rebut the showing made by defendants on this motion, summary judgment is GRANTED as to all individual claims against Flaherty.

*The Path Forward*

As this case approaches its fifth decade of litigation, this case must be resolved with dispatch.

The parties are directed to submit a joint pretrial order in anticipation of the remaining claims brought by plaintiff as well as the pending counterclaims filed by defendants on or before October 16, 2017. Jury selection will begin before the undersigned on October 30, 2017, with trial to commence that day.

Dated: Central Islip, New York
September 15, 2017

 /s/Gary R. Brown
GARY R. BROWN
United States Magistrate Judge